# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SEAN L. BROHAWN, BAR NO. 7618.

No. 72510

FILED

JUN 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a recommendation of a Northern Nevada Disciplinary Board hearing panel that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Sean L. Brohawn.

This disciplinary matter arose when Judith and John Lindberg hired Brohawn to pursue a civil action, the Lindbergs paid Brohawn a retainer and made a $7,000 loan against which Brohawn would bill for work he performed, but the funds were not deposited into a client trust account and the loan agreement was not memorialized in writing nor were the Lindbergs advised to obtain independent counsel. Thereafter, Brohawn did not perform certain work required by the case. In the meantime, Brohawn had been suspended for non-compliance with his CLE requirements but did not advise the Lindbergs of the suspension. Once the Lindbergs terminated Brohawn's services, he did not return $4,935 in unearned funds. Further, Brohawn did not respond to the Lindbergs' grievance or the State Bar's disciplinary complaint until after a notice of intent to default had been served.

Under the conditional guilty plea agreement, Brohawn admitted to violating RPC 1.3 (diligence), RPC 1.8(a) (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping of property), RPC

17-19506

5.5 (unauthorized practice of law), RPC 8.1(b) (bar admissions and disciplinary matters), and RPC 8.4(d) (misconduct prejudicial to the administration of justice). The agreement provides for a six-month-and-one-day suspension, with the last two months and one day stayed on the following conditions: Brohawn meet regularly with a designated mental health provider and an approved mentor and provide monthly reports to the State Bar, repay the Lindbergs $4,935, pay the costs of the disciplinary proceedings, and not engage in any further conduct that results in discipline. Additionally, Brohawn's mental health provider and mentor must each provide a report to the State Bar on the ninetieth day of the actual suspension term opining as to his fitness to return to the practice of law, and a failure to report or an adverse finding will be deemed a violation of probation. If Brohawn fails to comply with any of these probationary terms, the remainder of the suspension will be imposed.

By virtue of the guilty plea agreement, Brohawn has admitted to the facts and violations alleged in the complaint. In determining the appropriate disciplinary sanction, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Considering those factors, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Brohawn's acts implicate his duties owed to his clients and to the legal profession. *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.1, 4.3, 4.4, 7.0 (Am. Bar Ass'n 2015). The record demonstrates that he knowingly committed the violations and that the Lindbergs were injured by a delay

SUPREME COURT
OF
NEVADA

(O) 1947A

2

in the resolution of their case and the failure to protect their retainer funds. The record supports two aggravating circumstances (substantial experience in the practice of law and engaging in conduct involving a selfish motive) and three mitigating factors (no prior disciplinary history, personal problems, and remorse). *See* SCR 102.5. The length of the suspension along with the probationary terms are tailored to address the circumstances that led to the violations and are sufficient to serve the purpose of attorney discipline in this case. *See State Bar of Nev. v. Claiborne,* 104 Nev. 115, 129, 756 P.2d 464, 473 (1988) (observing that the purpose of attorney discipline is not to punish an attorney but to protect the public and the integrity of the bar).

Accordingly, we suspend Brohawn from the practice of law for six months and one day commencing from the date of this order. The last two months and one day of that term shall be stayed pending Brohawn's compliance with the following terms: (1) Brohawn must meet with a designated mental health provider to address the underlying issues that contributed to his violations and submit to the State Bar monthly reports co-signed or affirmed by the provider; (2) Brohawn must meet bi-weekly with an approved mentor under SCR 105.5 to discuss caseload management, calendaring, and billing, and to review his IOLTA trust account statements and submit to the State Bar monthly reports co-signed or affirmed by the mentor; (3) Brohawn must repay the Lindbergs $4,935 and provide proof of payment to bar counsel within 120 days from the date of this order; (4) Brohawn must pay $2,500 as costs of the disciplinary proceeding plus the court reporter or transcript fees within 120 days from the date of this order; (5) Brohawn must not engage in any conduct that results in discipline by a screening panel or the filing of a complaint by the State Bar; and (6) Brohawn's mental health provider and mentor must

each provide a report to the State Bar on the ninetieth day of the actual suspension term opining as to his fitness to return to the practice of law, and a failure to report or an adverse finding will be deemed a violation of probation. If Brohawn fails to comply with any of these probationary terms during the stayed portion of the suspension, then the remainder of the suspension will be imposed and Brohawn will have to apply for reinstatement under SCR 116. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

cc:    Chair, Northern Nevada Disciplinary Board
       Brohawn Law Firm LLC
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court

